UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TERRIE HELEN OVERSTREET,

                                    Plaintiff,

                           v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                                    Defendant.

<u>DECISION AND ORDER</u>

17-CV-6413L

_____

        Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

        January 16, 2014, plaintiff filed an application for supplemental security income, alleging disability beginning January 2, 2011. (Dkt. #8-2 at 81).[1] Her application was initially denied. Plaintiff requested a hearing, which was held December 7, 2015 via videoconference before Administrative Law Judge ("ALJ") David S. Pang. The ALJ issued an unfavorable decision on January 20, 2016, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #8-2 at 81-94).

        Plaintiff thereafter appealed, submitting additional medical records to the Appeals Council. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied review on April 26, 2017, finding that despite "consider[ation of] the additional evidence]"

---

[1] Page numbers refer to the Bates-numbered pages of the Administrative Transcript.

plaintiff had submitted, there was no "basis for changing the Administrative Law Judge's decision," and that some of the evidence submitted was dated weeks or months after the ALJ's decision, and was therefore "new information about a later time." (Dkt. #8-2 at 1-3). Plaintiff now appeals.

The plaintiff has moved (Dkt. #12), and the Commissioner has cross moved (Dkt. #15) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, plaintiff's motion is denied, the Commissioner's cross motion is granted, and the complaint is dismissed.

## DISCUSSION

### I.   The ALJ's Evaluation

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§ 404.1509, 404.1520. Where, as here, a claimant's alleged disability also includes mental components, the ALJ must apply the so-called "special technique" in addition to the usual five-step analysis. *See Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008).

The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).

Here, the ALJ determined that the plaintiff had severe impairments, consisting of fibromyalgia, carpal tunnel syndrome, tendinitis, asthma, allergies, and depression. (Dkt. #8-2 at 83). He found that plaintiff, then a twenty-seven year old woman with at least a high school

education and no previous employment, retained the residual functional capacity ("RFC") to perform a limited range sedentary work.

Specifically, plaintiff could lift up to 10 pounds occasionally, stand and/or walk for up to two hours and sit for up to six hours in an eight-hour workday, and could frequently reach overhead and in all directions, handle, finger and feel. Plaintiff could occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl, and could never climb ladders, ropes or scaffolds. Plaintiff was further limited to occasional exposure to environmental irritants, could never be exposed to peanuts (to which she is allergic), and could perform only simple work, with frequent interaction with supervisors, coworkers and the public. (Dkt. #8-2 at 86). The ALJ asked vocational expert Edward Pagella at the hearing whether an individual with this RFC could perform work existing in significant numbers in the national economy. In response, the vocational expert testified that such a person could perform the representative sedentary positions of sorter, packer and assembler. (Dkt. #8-2 at 94).

**II.     The Appeals Council's Consideration of Additional Evidence**

Plaintiff alleges that the Appeals Council erred by failing to properly consider, and/or to grant controlling weight to, an opinion by her treating rheumatologist, Dr. Ya Li Chen, which plaintiff submitted to the Appeals Council after the ALJ's decision had been rendered.

Initially, plaintiff suggests that the Appeals Council may have overlooked the opinion, since it described plaintiff's later evidence as "medical records," instead of identifying the component parts of plaintiff's submission – a combination of treatment records and the opinion – in detail. The Court is unpersuaded: the Appeals Council's use of a the generalized term "medical records" to describe plaintiff's submission does not suggest that it considered the entire submission to be comprised of treatment notes, and there is no reason for the Court to doubt the Appeals

Council's representation that plaintiff's submissions had been reviewed and considered in their entirety.

Moreover, the Court finds no reason to disturb the Appeals Council's conclusion that the records plaintiff had provided did not present a basis for reversing the ALJ's decision. Dr. Chen's opinion, dated February 11, 2016 (about three weeks after the ALJ rendered his decision), appears to have been based on his periodic treatment of plaintiff beginning in November 2013, with routine follow-up visits about every four months. (Dkt. #8-10 at 1782). Dr. Chen found that plaintiff has an unspecified "chronic medical condition, unlikely to improve," which causes her to have "low back pain, nerve pain, fatigue" as well as "depression." *Id.* Dr. Chen opined that plaintiff's pain and fatigue would cause her to be off task for more than 30% of a workday, that she is incapable of walking more than 1½ blocks and cannot sit for more than 45 minutes or stand for more than 30 minutes at a time. (Dkt. #8-10 at 1783). Dr. Chen further indicated that plaintiff must take a 20-minute break every 30 minutes, and is incapable of full-time employment. (Dkt. #8-10 at 1784-85).

Notably, Dr. Chen's opinion not only failed to identify the "chronic medical condition" or the symptoms that were allegedly responsible for plaintiff's limitations, but it was unsupported by any objective testing, narrative explanation or references to plaintiff's treatment. The opinion also conflicted sharply with Dr. Chen's treatment notes during the relevant time period, which consistently reported that plaintiff's asthma was "well-controlled" and that her other symptoms were limited to joint pain and tenderness, hand and ankle weakness, asthma and occasional depression. Dr. Chen recommended only conservative treatment such as ankle braces, exercises and anti-inflammatory medications. *See*, *e.g.*, Dkt. #15-10 at 1549, 1555, 1566, 1571, 1596, 1600, 1757, 1760, 1764. Dr. Chen's opinion also represented an anomalous departure from the other

4

objective evidence of record, in which plaintiff was typically observed to display a normal gait and range of motion, with no swelling and only intermittent tenderness. (Dkt. #8-8 at 733, 742, 745, 1110; Dkt. #8-9 at1350, 1362, 1372, 1390, 1394, 1403).

Because Dr. Chen's opinion lacked sufficient indicia of reliability to be entitled to controlling weight as that of a treating physician, and because it was unsupported by any specific diagnosis or objective evidence of record, and moreover conflicted with substantial evidence of record including Dr. Chen's own treatment notes, the Appeals Council did not err in declining to find that it merited reversal of the ALJ's decision.

**III. The ALJ's Assessment of Dr. Pellittieri's Opinion**

Plaintiff also argues that the ALJ misconstrued, and/or failed to sufficiently credit, the opinion of plaintiff's treating internist, Dr. Arthur Pellittieri. Specifically, the ALJ misquoted the opinion as stating that plaintiff was able to work for "up to 40 hours [per week] with reasonable accommodations for six months, including limited ambulating and avoid prolonged standing," when in fact, the opinion stated that plaintiff was able to work up to *20 hours* per week instead of 40. (Dkt. #8-2 at 82; Dkt. #8-10 at 1583).

The Court disagrees. On its face, Dr. Pellittieri's opinion referred to a temporary, six-month limitation due to plaintiff's "limited ambulation" and the inability to engage in "prolonged standing," substantiated only by plaintiff's "reports [of] pain in ankles, wrists, fingertips, lower back and neck" and a physical examination showing "mild discomfort with ambulation." (Dkt. #8-10 at 1583-84). There is no evidence of record which would support an extended or permanent limitation to part-time work, and the ALJ's RFC determination otherwise accounts for any ongoing limitations in ambulation and prolonged standing by limiting plaintiff to sedentary work with no more than two hours per day of standing or walking. (Dkt. #8-2 at 86).

5

As such, even though the ALJ mistakenly described Dr. Pellittieri's opinion as indicating that proper accommodation of plaintiff's temporary limitations would permit her to perform full-time work during the limitation period (instead of part-time), such error was harmless, given that the six-month length of the opined limitations fails to satisfy the durational requirement of the Social Security Act. The ALJ's finding that plaintiff is capable of performing full-time work (with appreciable exertional and nonexertional limitations, as described in the ALJ's RFC finding) is otherwise supported by substantial evidence, including the opinions of consulting psychologist Dr. Yu-Ying Lin and consulting pediatrician Dr. Seema Khaneja. (Dkt. #8-2 at 91). I find no reason to disturb it.

### IV. The ALJ's Assessment of Plaintiff's Credibility

Plaintiff also suggests that the ALJ failed to sufficiently credit her testimony regarding her physical impairments. The Court disagrees.

In making his determination, the ALJ is required to consider subjective complaints of pain by the claimant. *See Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). However, "it is the function of the [Commissioner], not [the reviewing courts], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Aponte v. Secretary of Health and Human Servs.*, 728 F.2d 588, 591 (2d Cir. 1984) (quotation omitted). Here, the ALJ properly considered relevant factors – including plaintiff's largely unremarkable physical and mental examination findings and conservative treatment history – in determining that plaintiff's subjective complaints of incapacitating pain were not fully credible. (Dkt. #8-2 at 88, 92).

Although plaintiff argues that the ALJ erred when he found that plaintiff's lack of muscle atrophy undermined her complaints of persistent pain, I observe that the ALJ's credibility finding was supported by other substantial evidence even in the absence of the muscle atrophy factor. As

such, even assuming *arguendo* that the ALJ's belief that muscle atrophy is a usual symptom of persistent pain was incorrect, that error was harmless.

I have considered the remainder of plaintiff's contentions, and find them to be without merit.

## CONCLUSION

For the foregoing reasons, I find that the ALJ's determination that plaintiff is not disabled is supported by substantial evidence, and that neither the ALJ's decision nor the Appeals Council's determination was the product of legal error. Plaintiff's motion for judgment on the pleadings (Dkt. #12) is therefore denied, the Commissioner's cross motion for judgment on the pleadings dismissing the matter (Dkt. #15) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 1, 2018.